Dear Mr. Grubb:
You ask us to revisit our opinion rendered in Attorney General Opinion 03-0454. In that opinion, we concluded that a newly elected Caddo Parish Commissioner Stephanie Lynch could retain her appointment to serve on the Board of Control of the Shreve Memorial Library. We continue to adhere to this conclusion, for the following reasons.
The Shreve Memorial Library Board of Control was jointly created by the city and the parish under authority of R.S. 25:211, which states that "a parish and one or more municipal corporations may jointly establish, maintain, and operate a public library."
The Caddo Parish Code of Ordinances acknowledges this joint board of control in the following sections:
Sec. 12-1. Parish Shreveport merger.
 The library system of the parish is hereby merged and consolidated with that of the City of Shreveport under the control and supervision of a joint board of control as provided in this chapter.
Sec. 12-2. Joint board of control.
 There is hereby established a joint board of control which shall have all of the powers and duties conferred on boards of control of public libraries by the general laws of the state and by the charter of the City of Shreveport, Louisiana. The board of control shall consist of the president of the parish commission and the mayor of the City of Shreveport as ex officio, nonvoting members. In addition, the membership of the board shall consist of eight members as provided by the charter of the City of Shreveport.
In Section 12-2 quoted above, the parish ordinance adopts by reference the City of Shreveport home rule charter provisions concerning appointments to the library board of control. The city charter provision of import here is Section 8.05, stating:
Section 8.05. Joint city-parish library.
 Unless and until otherwise provided by ordinance pursuant to section 4.20(c) hereof, there shall be a joint city-parish public library under the control of a board of trustees which shall have all the powers and duties conferred on boards of control of joint city-parish public libraries by the general laws of the state. The board of trustees shall consist of the mayor, ex officio, and five (5) qualified electors of the city appointed one each year by the mayor and confirmed by the council for terms of five (5) years from and after the expiration of the terms of their predecessors, and the president of the Caddo Parish police jury, ex officio, and three(3) qualified electors of the parish appointed by the Caddo Parish police jury to sit with the board of trustees and to participate in its deliberations and decisions, thereby having a total of eight (8) appointed members. Any vacancy of a city-appointed member shall be filled by appointment by the mayor, confirmed by the council, for the unexpired portion of the term. If the joint city-parish public library system shall cease for any reason, then the city council shall provide for the operation of a city public library by ordinance in accordance with the system provided for herein.
Pursuant to Section 8.05 above, the mayor appoints five members of the library board of control (confirmed by the city council), while the parish commission appoints three members. Ms. Lynch was appointed to the library board by the city in 2000; the controversy over her continued service on the board arose after she was elected parish commissioner in November of 2003.
You object to her continued service on the library board as violative of R.S. 42:64(A)(5), which designates as incompatible those offices in which "one office, whether or not in conjunction with fellow officers, or employment is changed with auditing the accounts or of approving the budget of the other position." We disagree. Because we find the exception of R.S. 42:64(A)(1) to be dispositive of the issue, R.S. 42:64(A)(5) becomes inapplicable. R.S. 42:64(A)(1) states:
§ 64. Incompatible offices
 (A) In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its functions the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
R.S. 42:64(A)(1) generally prohibits members of a governing board from appointing themselves to a board over which the "parent" board has appointive power. See Attorney General Opinion 94-471. The exception applies to a local governmental subdivision as defined in Article VI, Section 15 of the Louisiana Constitution of 1974. Article VI, Section 44(1) of the Constitution defines a "local governmental subdivision" as a parish or municipality, which includes the city council and the parish commission.
Interpreting the exception of R.S. 42:64(A)(1), this office has previously determined that an individual could hold appointive office as member of the Bossier Parish Library Board of Control and local elective office as council member of the Bossier Parish Council. Indeed, you concede in your correspondence that had Commissioner Lynch been appointed by the Caddo Parish Commission she "could arguably fall within the scope of this exception", referencing R.S. 42:64(A)(1).
In our opinion, the incompatibility concern of R.S. 42:64(A)(1) is removed because Ms. Lynch is now councilwoman. Since the parish commission, acting jointly with the city, created the library board, the exception becomes applicable to members of the parish commission, including Ms. Lynch. To say in the same breath that her election as councilwoman disallows her continued service on the board because she was appointed by the city and not the parish council thwarts the purpose of the exception.
We also find that because the city and parish jointly created the library board of control, the pool of candidates for selection to the library board of control would include all city councilmen and all parish councilmen. Accordingly, the fact that Ms. Lynch was appointed by the city and not the parish commission is a distinction without a difference. In our opinion, she could have been selected by either governing body and still fall within the exception of R.S. 42:64(A)(1).
Because the exception of R.S. 42:64(A)(1) is applicable, the remaining prohibitions of R.S. 42:64 become inapplicable. Ms. Lynch may retain her position on the library board of control while serving as elected parish commissioner. We modify our earlier opinion to reflect that the board of control is created jointly by the city and the parish.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY: _____________________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams